|    |                                                                 |                                                                                     |
|----|-----------------------------------------------------------------|-------------------------------------------------------------------------------------|
|    | **UNITED STATES DISTRICT COURT**                                                                                                      |
|    | **DISTRICT OF NEVADA**                                                                                                                |
|    | PROF-2013-S3 LEGAL TITLE TRUST V, By U.S. Bank National Association as Legal Title Trustee, | Case No.: 2:17-cv-01790-APG-CWH |
|    | Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Saticoy's Motion for Summary Judgment, and (3) Granting in Part Boulder Ranch's Motion for Summary Judgment** |
|    | v. | |
|    | SATICOY BAY LLC SERIES 6425 EXTREME SHEAR, BOULDER RANCH MASTER ASSOCIATION, and HOMEOWNER ASSOCIATION SERVICES, INC. | [ECF Nos. 48, 49, 57] |
|    | Defendants | |
|    | AND ALL RELATED COUNTERCLAIMS AND CROSS CLAIMS | |

Plaintiff PROF-2013-S3 (PROF) filed this lawsuit to determine whether its deed of trust still encumbers property located at 6425 Extreme Shear Avenue #101, Henderson, Nevada following a non-judicial foreclosure sale conducted by defendant Boulder Ranch Master Association (Boulder Ranch). ECF No. 22. PROF also asserts an unjust enrichment claim against Boulder Ranch; Boulder Ranch's foreclosure agent, defendant Homeowner Association Services, Inc. (HAS); and the current owner of the property, defendant Saticoy Bay LLC Series 6425 Extreme Shear (Saticoy). *Id.* Finally, PROF asserts other damages claims against Boulder Ranch and HAS. *Id.*

Saticoy counterclaims for a declaration that the foreclosure sale extinguished the deed of trust. ECF No. 29. Saticoy also cross-claims against Boulder Ranch and HAS for fraudulent concealment and unjust enrichment. *Id.*

PROF and Saticoy each move for summary judgment on their declaratory relief claims. Saticoy also moves for summary judgment on its misrepresentation and unjust enrichment cross-claims against Boulder Ranch. Boulder Ranch opposes Saticoy's motion and also moves for summary judgment on the cross-claims against it.

The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. Because PROF tendered the superpriority amount, it is entitled to judgment as a matter of law on its own declaratory relief claim and on Saticoy's counterclaims. And because the deed of trust was not extinguished, PROF's damages claims against Boulder Ranch and HAS are moot. I therefore grant summary judgment in favor of PROF and against Saticoy and dismiss as moot PROF's damages claims (except unjust enrichment)[1] against Boulder Ranch and HAS. I grant Boulder Ranch's motion as to Saticoy's fraudulent misrepresentation claim and grant it in part as to Saticoy's unjust enrichment claim. I deny Saticoy's motion.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1] No party moved for summary judgment on PROF's unjust enrichment claim and it is not clear from that claim's allegations that it was asserted only as a form of alternative relief if the deed of trust was extinguished. *See* ECF No. 22 at 17. That claim therefore remains pending against all defendants.

2

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Statute of Limitations**

Saticoy moves to dismiss PROF's declaratory relief claim, arguing a three-year limitation period applies. PROF responds that a five-year limitation period applies.

I have previously ruled that the four-year catchall limitation period in § 11.220 applies to declaratory relief claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on November 21, 2013, the trustee's deed upon sale was recorded on January 6, 2014, and PROF filed the complaint in this matter on June 29, 2017. ECF Nos. 1; 48-16. PROF's claim for a declaration that the deed of trust was not extinguished therefore is timely.[2]

---

[2] PROF's unjust enrichment claim is also timely. *See In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) (en banc) ("The statute of limitation for an unjust enrichment claim is four years." (citing Nev. Rev. Stat § 11.190(2)(c)).

3

**B. Tender**

PROF moves for summary judgment, arguing that it tendered the superpriority amount prior to the HOA sale. Saticoy raises a variety of arguments as to why tender did not extinguish the lien. Specifically, Saticoy contends that (1) PROF cannot resort to equity because it has an adequate remedy at law and failed to protect its interest prior to the sale; (2) tender creates either an assignment or subrogation that must be recorded to affect the rights of a bona fide purchaser like Saticoy; (3) the tender letter contained falsehoods and impermissible conditions; (4) PROF did not prove there were sufficient funds to cover the tender check; (5) HAS rejected the tender in good faith; and (6) PROF has not properly authenticated or shown the admissibility of the evidence establishing the superpriority amount and tender.

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

Here, no genuine dispute remains that BAC Home Loans Servicing, LP paid the superpriority amount in full. The monthly homeowners association (HOA) assessment was $37.50 per month and increased to $38.75 in 2011. ECF Nos. 48-14 at 13; 48-18 at 10. Prior to the HOA foreclosure sale, BAC tendered $348.75 to cover the superpriority amount. ECF No. 48-14 at 16-18. There is no evidence of nuisance abatement charges. There also is no evidence Boulder Ranch recorded a second notice of delinquent assessment lien that might have triggered a second superpriority lien. *See Prop. Plus Investments, LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc). The superpriority lien therefore was

extinguished, and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121. I address below each of Saticoy's other challenges to the tender.

### 1. Equity

Saticoy contends that PROF cannot resort to equity because it has an adequate remedy at law, it failed to protect its interest prior to the sale, and Saticoy is a bona fide purchaser. Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111-12 (Nev. 2016) (en banc). Thus, while the availability of other remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. PROF seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate PROF's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property.").

PROF acted to protect its interest through the tender, and a valid tender discharges the superpriority lien "by operation of law." *Id.* at 120. Finally, Saticoy's status as a bona fide

purchaser in terms of weighing the equities is irrelevant because the tender rendered the HOA sale void as to the superpriority lien. *Id.* at 121.

### 2. Recording the Tender

Saticoy argues that tender of the superpriority amount creates either an assignment or subrogation of the HOA lien, and an assignment or subrogation must be recorded to affect the rights of a bona fide purchaser like Saticoy. The Supreme Court of Nevada has rejected the argument that a tender must be recorded. *Id.* at 119-20. Although Saticoy contends the Supreme Court of Nevada erred in its analysis, it is the role of that court, not this court, to determine Nevada law. *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2015) (The Supreme Court of Nevada "is the final arbiter of Nevada state law.").

### 3. Falsehoods and Impermissible Conditions

Saticoy contends the tender letter contained falsehoods and impermissible conditions. Specifically, Saticoy contends that the letter falsely states (1) the scope of a superpriority lien by not mentioning nuisance abatement costs; (2) that PROF's obligations would be paid in full even though the HOA could institute another superpriority lien on an annual basis; and (3) that the payment was being made by cashier's check when it was a check from a trust account. Saticoy also argues Boulder Ranch could not accept the tender offer without violating various provisions of Chapter 116.

PROF responds that it did not need to mention abatement charges because there were none regarding this property. PROF also argues that it is not required to present a cashier's check to satisfy tender and even if the letter misrepresented the type of check, that is not a basis to invalidate the tender. PROF also notes that the tender letter in this case is identical to one the Supreme Court of Nevada found imposed permissible conditions.

The Supreme Court of Nevada has examined a tender letter identical to the one at issue here and ruled that it did not impose impermissible conditions. *Compare Bank of Am., N.A.*, 427 P.3d at 118 *with* ECF No. 60-6 at 13. That court did not indicate that the tender or the tender letter violated Chapter 116 and its anti-waiver provisions, an issue with which that court is very familiar.

There is no evidence of nuisance abatement costs related to this property, so the letter's failure to mention that possibility is irrelevant here. *See TRP Fund IV, LLC v. Bank of New York Mellon as Tr. for Certificate Holders of CWALT, Inc.*, No. 74002, 434 P.3d 926, 2019 WL 912693, at \*1, n.2 (Nev. 2019) ("Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status."). Additionally, Saticoy is incorrect in its statement that an HOA can collect a superpriority lien on "an annual basis." ECF No. 49 at 11. Nevada Revised Statutes § 116.3116 "does not limit an HOA to one lien enforcement action or one superpriority lien per property forever." *Prop. Plus Investments, LLC*, 401 P.3d at 73. "But to trigger a new superpriority lien, the HOA must commence a new enforcement action" by either "completing a prior enforcement action through foreclosure" or "recording a rescission of a prior lien." *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-00751-JCM-VCF, 2018 WL 1770127, at \*6 (D. Nev. Apr. 12, 2018) (citing *Prop. Plus Investments, LLC*, 401 P.3d at 731-32). There is no evidence Boulder Ranch rescinded the prior lien or recorded a new notice of lien after BAC paid off the initial superpriority amount.

Saticoy is correct that the letter misidentifies the tender check as a cashier's check when in fact it was drawn on a law firm's trust account. ECF No. 48-14 at 17-18. But nothing in Chapter 116 or Nevada case law requires tender be in the form of a cashier's check. *See Bank of New York Mellon v. Hillcrest at Summit Hills Homeowners Ass'n*, No. 2:16-cv-02295-GMN-PAL, 2019 WL 415324, at *5 (D. Nev. Jan. 31, 2019); *Chinatown St. Tr. v. Bank of Am., N.A.*, No. 74545-COA, 2018 WL 6609590, at *1 (Nev. App. Dec. 7, 2018). Saticoy does not provide case law supporting its position that a minor error in the description of the check invalidates the tender. I predict[3] the Supreme Court of Nevada would not invalidate tender on this basis.

Finally, nothing in the letter refers to waiving a future superpriority lien. ECF No. 48-14 at 16-17. And the Supreme Court of Nevada has rejected similar arguments. *See TRP Fund IV, LLC*, 2019 WL 912693, at *1; *TRP Fund IV, LLC v. U.S. Bank, N.A. as Tr. for SROF-2013-S3 Remic Tr. 1*, No. 72234, 430 P.3d 531, 2018 WL 6134028, at *1, n.2 (Nev. 2018).

### *4. Proof of Sufficient Funds*

Saticoy argues PROF did not prove there were sufficient funds to cover the tender check because it was a trust account check, not a cashier's check. PROF responds that there is no genuine dispute that the check would have cleared and Saticoy presents no evidence that it would not.

Even viewing the evidence in the light most favorable to Saticoy on PROF's motion, no genuine dispute remains. The fact that the check was signed and presented to HAS to cash as payment for the superpriority lien is sufficient evidence to meet PROF's initial burden of showing it tendered the superpriority amount. Saticoy presents no evidence there were

---

[3] The Supreme Court of Nevada has not yet addressed this issue. "Absent a controlling state court decision," I must "predict how the highest state court would decide the issue." *In re Kekauoha-Alisa*, 674 F.3d 1083, 1087-88 (9th Cir. 2012).

8

insufficient funds to cover the check. Saticoy's reliance on *Graff v. Burnett*, 414 N.W.2d 271 (Neb. 1987) is therefore misplaced. *See Nationstar Mortg. LLC v. Springs at Spanish Trail Ass'n*, No. 2:15-cv-01217-JAD-GWF, 2019 WL 2250264, at *4 (D. Nev. May 24, 2019) (rejecting a similar argument based on *Graff* where there was no evidence of insufficient funds; "the check was actually cut, received by [the HOA's agent], and returned; and the letter that accompanied the check indicated that it was being sent as payment").

### 5. *Good Faith Rejection of Tender*

Saticoy argues HAS rejected the tender in good faith. PROF responds that valid tender discharges the superpriority lien by operation of law regardless of whether the rejection of tender was in good faith. The Supreme Court of Nevada has indicated that an HOA's or its agent's "subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law." *Nationstar Mortg., LLC v. Jackel Properties, LLC*, No. 75040, 435 P.3d 1224, 2019 WL 1244787, at *1 (Nev. 2019) ("Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and [agent's] basis for rejecting the tender could not validate an otherwise void sale in that respect.").

### 6. *Authentication and Hearsay*

Saticoy argues PROF has not properly authenticated or shown the admissibility of the evidence establishing the superpriority amount and tender. Saticoy contends that the HOA ledger attached to the affidavit of Douglas Miles is unauthenticated and inadmissible hearsay. Saticoy also contends that because Miles testified in another case that he does not review the file or retrieve the documents in any particular HOA case, he cannot authenticate the documents

9

attached to his affidavit. And Saticoy argues Miles does not sufficiently establish the law firm's business records contained in a computer database are admissible as business records.

PROF responds that the Miles affidavit sufficiently authenticates the records. Additionally, PROF notes that HAS's representative testified at his deposition that the monthly assessments were $38.75.

Federal Rule of Civil Procedure 56 does not require that evidence be presented in admissible form at summary judgment. Rather, under Rule 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Under Federal Rule of Evidence 901(a), a party offering evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Under Rule 803(6), a record of a regularly conducted activity is not excluded by the hearsay rule if the record meets the following requirements:

> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Miles avers that the records related to the tender are authentic and meet each of Rule 803(6)'s requirements. ECF No. 48-14 at 2-4. He authenticates the HOA ledger as what was received from HAS. *Id.* HAS's representative, Michael Randolph, confirmed that the monthly assessment was $38.75. ECF No. 48-18 at 11. PROF could call Miles to testify at trial about the tender efforts and Randolph to testify to the superpriority amount.

Saticoy has not presented evidence raising a genuine dispute about the Rule 803(6) factors, the documents' authenticity, or that the superpriority amount is something other than what BAC tendered. Saticoy "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It has not done so here. *See Springs at Spanish Trail Ass'n*, 2019 WL 2250264, at *5 (rejecting similar evidentiary challenges).

### C. Damages Claims Against Boulder Ranch and HAS

PROF asserted its wrongful foreclosure, negligence, negligence per se, and misrepresentation claims against Boulder Ranch and HAS as an alternative means of relief in the event that its deed of trust was extinguished.[4] The deed of trust was not extinguished. Thus, those claims are now moot, so I dismiss them.

### D. Saticoy's Fraudulent Misrepresentation Claim Against Boulder Ranch and HAS

Saticoy and Boulder Ranch move for summary judgment on Saticoy's fraudulent misrepresentation claim against Boulder Ranch. Saticoy argues that HAS did not inform bidders at the sale that BAC had tendered the superpriority amount because if bidders knew that, they would not have bid as much. Saticoy also contends that it would not have bid $11,600 if it had known the superpriority lien had been extinguished.

Boulder Ranch argues that Saticoy has not presented any evidence that Boulder Ranch intended to defraud Saticoy. Rather, Boulder Ranch argues, the evidence shows that just prior to the time BAC attempted tender, the Commission for Common Interest Communities and

---

[4] *See* ECF No. 22 at 1 ("If it is determined that the Deed of Trust has been extinguished by the HOA Sale as a proximate result of HOA and HOA Trustee's wrongful/statutorily defective foreclosure of the Property by the HOA Sale, Plaintiff has suffered special damages . . . ."); *id.* at 19-22 (same with respect to claims for negligence and negligence per se); *id.* at 21-22 (alleging reliance on the tender for the misrepresentation claim).

11

Condominium Hotels (CCICCH) had issued an advisory opinion stating that interest, late fees, and collection costs were included in the superpriority lien. Boulder Ranch thus argues it (through HAS) had a good faith basis to reject the tender as insufficient to cover the superpriority amount. Boulder Ranch also argues it did not owe a duty to disclose the tender attempt, and thus it cannot be liable on a fraud by concealment theory.

To establish a misrepresentation claim, Saticoy must show: (1) Boulder Ranch made a false representation with either knowledge or belief that the representation was false or without a sufficient foundation to make the statement, (2) Boulder Ranch intended to induce Saticoy's reliance, and (3) Saticoy was damaged as a result of that reliance. *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). As to the first element, "the suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation, since it constitutes an indirect representation that such fact does not exist." *Id.* (quotation omitted).

Saticoy presents no evidence in support of the second element's requirement that Boulder Ranch intended to induce Saticoy to rely on there being a superpriority lien. In support of its motion, Saticoy presents the affidavit of its own person most knowledgeable, Iyad Haddad. ECF No. 49-9. Haddad avers that Boulder Ranch and HAS did not announce at the sale that there had been a tender attempt. *Id.* at 3. Haddad states that he "believe[s]" that HAS and Boulder Ranch "intended buyers at the HOA foreclosure sale . . . [to] believe that the assessment lien being foreclosed included a super-priority component that would extinguish the first deed of trust . . . ." *Id.* at 3-4. Haddad's unsupported personal belief is not evidence of HAS's or Boulder Ranch's intent. Because Saticoy has not identified any evidence raising a genuine dispute on this element, I deny Saticoy's motion and grant Boulder Ranch's motion for summary judgment on this claim.

**E. Saticoy's Unjust Enrichment Claim Against Boulder Ranch and HAS**

Saticoy and Boulder Ranch move for summary judgment on Saticoy's unjust enrichment claim against Boulder Ranch. Saticoy again argues that HAS did not announce at the sale that BAC had attempted tender and it consequently bid more than it would have if it had known of the tender attempt. Saticoy argues that as a result, Boulder Ranch benefitted from Saticoy's "high bid of $11,600.00." ECF No. 49 at 25. Saticoy seeks "any and all monies paid by Saticoy Bay for the acquisition, maintenance, and preservation of the Property, including interest, and attorney's fees and costs." *Id.*

Boulder Ranch argues that Saticoy has not presented evidence in support of this claim, including no evidence that Boulder Ranch received and retained the $11,600.00 purchase price or that Saticoy conferred a benefit on Boulder Ranch through funds it expended maintaining and preserving the property, accruing interest, or paying attorney's fees and costs. Boulder Ranch also argues that Saticoy presented no evidence that it would not have bid at all on the property if it had known about the tender attempt or what lower amount it might have bid if it had known.

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation omitted). "Under Nevada law, the measure of damages for an unjust enrichment claim is the benefit received by defendants." *Momot v. Mastro*, No. 2:09-CV-00975-RLH-LRL, 2011 WL 1833349, at *3 (D. Nev. May 13, 2011).

Viewing the evidence in the light most favorable to Boulder Ranch on Saticoy's motion, genuine disputes remain regarding whether and how much Saticoy would have bid on the

property had it been announced that BAC had attempted to pay nine months' worth of assessments. Haddad states in his affidavit that if HAS and Boulder Ranch had disclosed "that the assessment lien being foreclosed did not have a super priority component," then Saticoy "would not have bid and paid $11,600.00 for the Property." *Id.* at 5. But at the time of this sale, announcing that BAC had attempted to pay nine months' worth of assessments would not necessarily have been the same thing as announcing that the lien did not have a superpriority component. As the briefing in this case shows, Saticoy even now disputes that BAC's tender extinguished the superpriority lien. Consequently, a reasonable jury could conclude that Saticoy would have bid on the property even if it had learned that BAC attempted to pay nine months' worth of assessments.

However, Saticoy does not explain how costs incurred maintaining the property, interest, or attorney's fees conferred a benefit on Boulder Ranch, that Boulder Ranch retained that benefit, or that it would be unjust for Boulder Ranch to retain any benefit it received as to these alleged damages. Nor does Saticoy present evidence that it actually incurred any such costs. I therefore grant Boulder Ranch's motion with respect to these alleged damages.

Viewing the evidence in the light most favorable to Saticoy on Boulder Ranch's motion, genuine disputes remain as well. Saticoy has presented evidence that it conferred a benefit on Boulder Ranch. ECF No. 49-1 (foreclosure deed upon sale showing Saticoy paid $11,600 to HAS, who was acting on behalf of Boulder Ranch to foreclose on Boulder Ranch's lien). Although Haddad's affidavit is not precise about what impact an announcement of the tender attempt might have had, it is reasonable to infer from Haddad's affidavit that Saticoy may have either not bid at all or bid less given the added litigation risk a tender attempt would entail.

14

In sum, genuine disputes remain on Saticoy's unjust enrichment claim against Boulder Ranch. I therefore deny the competing summary judgment motions as to this claim, except I grant in part Boulder Ranch's motion as to some of the claimed damages.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff PROF-2013-S3 Legal Title Trust V's motion for summary judgment **(ECF No. 48) is GRANTED** as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on November 21, 2013 did not extinguish PROF-2013-S3 Legal Title Trust V's interest in the property located at 6425 Extreme Shear Avenue #101, Henderson, Nevada, and thus the property is subject to the deed of trust.

IT IS FURTHER ORDERED that plaintiff PROF-2013-S3 Legal Title Trust V's claims for wrongful foreclosure, negligence, negligence per se, and misrepresentation against defendants Boulder Ranch Master Association and Homeowner Association Services, Inc. are DISMISSED as moot.

IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 6425 Extreme Shear's motion for summary judgment **(ECF No. 49) is DENIED**.

IT IS FURTHER ORDERED that defendant Boulder Ranch Master Association's motion for summary judgment **(ECF No. 57) is GRANTED in part**. The motion is granted as to the fraudulent misrepresentation claim and as to the requested damages of maintenance costs, interest, and attorney's fees for the unjust enrichment claim. The motion is denied as to the unjust enrichment claim for return of some or all of the property's purchase price.

DATED this 17th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE